*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* HORTON, Minors.

UNPUBLISHED
February 17, 2022

No. 357419
Wayne Circuit Court
Family Division
LC No. 2018-000060-NA

Before: K. F. KELLY, P.J., and SAWYER and GADOLA, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order terminating her parental rights to KMH[1] under MCL 712A.19b(3)(c)(*i*) (the conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age), (g) (parent failed to provide proper care or custody and no reasonable expectation parent will provide proper care or custody within a reasonable time), and (j) (reasonable likelihood child will be harmed if returned to parent's home). We affirm.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

After his birth on November 2017, doctors discovered KMH's meconium contained traces of cocaine and opiates and KMH was experiencing symptoms of withdrawal which required him to receive specialized medical care. In January 2018, the Department of Health and Human Services ("DHHS") filed a petition for temporary custody of KMH and his four siblings. The trial court authorized the petition and, later, found statutory grounds for jurisdiction after respondent admitted to abusing substances while pregnant with KMH.[2]

---

[1] KMH's father was a respondent in the lower court proceedings. Like respondent, respondent-father's parental rights were terminated by the trial court. However, respondent-father does not appeal the termination of his rights and he is not a party to this appeal.

[2] The trial court later terminated its jurisdiction over KMH's siblings, with the exception of KMH's sister, ALH. The trial court also found statutory grounds to terminate respondent's parental rights

In the intervening three years, respondent participated in a bevy of therapies meant to address her substance abuse issues. However, respondent continued to consistently test positive for substances, including cocaine and opiates. In 2019, the trial court authorized DHHS to file a permanent petition to terminate respondent's parental rights. After a number of hearings on the termination petition, the trial court terminated respondent's parental rights, finding there were both statutory grounds for termination and termination was in KMH's best interests. This appeal followed.

## II. PRESERVATION AND STANDARD OF REVIEW

"[I]ssues that are raised, addressed, and decided by the trial court are preserved for appeal." *In re TK*, 306 Mich App 698, 703; 859 NW2d 208 (2014). On appeal, respondent challenges the trial court's findings that statutory grounds existed to terminate her parental rights and that termination was in KMH's best interests. Respondent also contests whether DHHS expended reasonable efforts to reunite the family. The issues of statutory grounds and best interests are preserved because the issues were argued and decided by the trial court. However, to the extent respondent questions whether reasonable efforts were made to reunite her with KMH, this issue is unpreserved because it was not raised in the trial court. *Id*.

"The clear error standard controls our review of both the court's decision that a ground for termination has been proven by clear and convincing evidence and, where appropriate, the court's decision regarding the child's best interest." *In re Williams*, 286 Mich App 253, 271; 779 NW2d 286 (2009) (quotation marks and citation omitted); MCR 3.997(K). A finding is clearly erroneous if this Court "is left with the definite and firm conviction that a mistake has been made." *Williams*, 286 Mich App at 271 (quotation marks and citations omitted).

Generally, whether DHHS made reasonable efforts at reunification is reviewed for clear error. *In re Fried*, 266 Mich App 535, 542-543; 702 NW2d 192 (2005). However, unpreserved issues are reviewed for plain error. *In re VanDalen*, 293 Mich App 120, 135; 809 NW2d 412 (2011). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id*. (quotation marks and citations omitted). "[A]n error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *In re Utrera*, 281 Mich App 1, 9; 761 NW2d 253 (2008).

This Court defers to "the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." *In re Ellis*, 294 Mich App 30, 33; 817 NW2d 111 (2011). And, "[t]he interpretation and application of statutes and court rules are . . . reviewed de novo." *In re Sanders*, 495 Mich 394, 404; 852 NW2d 524 (2014).

---

to ALH. However, the trial court further found termination was not in ALH's best interests because ALH was turning 18 soon after the termination hearing. Respondent does not contest the trial court's findings with respect to ALH, and the circumstances concerning ALH are not the subject of this appeal.

## III. STATUTORY GROUNDS

Respondent asserts her efforts at sobriety were sufficient to overcome the trial court's finding that statutory grounds existed to terminate respondent's parental rights. We disagree.

"To terminate parental rights, a trial court must find by clear and convincing evidence that at least one statutory ground under MCL 712A.19b(3) has been established." *In re Moss*, 301 Mich App 76, 80; 836 NW2d 182 (2013). "Only one statutory ground need be established by clear and convincing evidence to terminate a respondent's parental rights, even if the court erroneously found sufficient evidence under other statutory grounds." *Ellis*, 294 Mich App at 32. The trial court found statutory grounds existed to terminate respondent's parental rights under MCL 712A.19b(3)(c)(*i*), (g), and (j).

Statutory grounds for termination exist under MCL 712A19b(3)(c)(*i*) where "[t]he conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age." The trial court's findings on the record stated "a treatment plan was provided and after more than three years, [respondent] is still testing positive for cocaine and oxycodone. She has never been able to adequately address her substance abuse issues." This finding is supported by other evidence in the record showing respondent's participation in numerous drug treatment programs. Despite these efforts, respondent consistently tested positive for various substances, including cocaine and opiates—two of the substances found in KMH's meconium at birth.

Respondent argues she needed more time to participate in substance abuse services because there was evidence she was benefiting from the services. The evidence presented to the trial court showed respondent was participating in substance abuse services throughout this case, yet respondent continued to test positive for a number of substances. Respondent's arguments on appeal do not explain how additional time, beyond the three years already provided, would result in her recovery. Indeed, respondent's arguments on appeal appear to *agree* her substance abuse cannot be rectified in a reasonable time, stating, "it is a well[-]known fact that addiction is a life[-]long challenge." Consequently, there is no merit to this apparent argument. Because the evidence showed, after three years, it was unlikely respondent would rectify her substance abuse issues within a reasonable period of time, there is no clear error where the trial court found statutory grounds under MCL 712A19b(3)(c)(*i*). A trial court need only establish one statutory ground for termination. *Ellis*, 294 Mich App at 32. Therefore, we need not consider the other statutory bases for termination.

## IV. BEST INTERESTS

"Once a statutory basis for termination has been shown by clear and convincing evidence, the court must determine whether termination is in the child's best interests." *In re LaFrance*, 306 Mich App 713, 732-733; 858 NW2d 143 (2014), citing MCL 712A.19b(5). " 'The focus at the best-interest stage has always been on the child, not the parent.' " *In re Payne/Pumphrey/Fortson Minors*, 311 Mich App 49, 63; 874 NW2d 205 (2015) (brackets omitted), quoting *Moss*, 301 Mich App at 87. "Best interests are determined on the basis of the preponderance of the evidence." *LaFrance*, 306 Mich App at 733.

In determining the best interests of the child, the trial court should consider,

> the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, [] the advantages of a foster home over the parent's home . . . the length of time the child was in care, the likelihood that the child could be returned to her parents' home within the foreseeable future, if at all, and compliance with the case service plan. [*Payne/Pumphrey/Fortson Minors*, 311 Mich App at 63-64 (quotation marks and citations omitted).]

"In assessing whether termination of parental rights is in a child's best interests, the trial court should weigh all evidence available to it." *Id*. at 63.

Respondent's argument contesting the trial court's finding that termination of parental rights was in KMH's best interests is extremely opaque. Indeed, the only argument appearing to address best interests is respondent's argument that she was "engaged with the children" and she "loved her children and they were closely bonded to each other." Yet, respondent's arguments do not explain how the trial court erred in finding termination was in KMH's best interests, despite the bond he allegedly shared with respondent. Thus, respondent has waived this argument on appeal. *TK*, 306 Mich App at 712 ("A party cannot simply assert an error or announce a position and then leave it to this Court to discover and rationalize the basis for [their] claims, or unravel and elaborate for [them the] argument, and then search for authority either to sustain or reject [their] position.").

## V. REASONABLE EFFORTS

Respondent's arguments on appeal imply DHHS failed to expend reasonable efforts at reunification. However, arguments that are not within the question presented to this Court are deemed abandoned on appeal. See *In re Rippy*, 330 Mich App 350, 362 n 5; 948 NW2d 131 (2019) ("[T]his issue is not contained in the statement of questions presented; it is therefore deemed abandoned."). Because respondent's question presented does not contest DHHS's reasonable efforts toward reunification, we conclude this issue is abandoned. *Id*.

## VI. CONCLUSION

Affirmed.

/s/ Kirsten Frank Kelly
/s/ David H. Sawyer
/s/ Michael F. Gadola